The COUNTY COMMISSIONERS OF THE COUNTY OF LA-
PEER *vs.* ALVIN N. HART and others.

1839.
First Circuit.

Lapeer
county
*vs.*
Alvin N.
Hart.

Bills of peace are only allowed where the complainant has established his right at law; or where the persons who controvert the right, are so numerous as to render an issue under the direction of this Court indispensable to embrace all the parties concerned, and save a multiplicity of suits.

An injunction, staying proceedings in sixty-seven suits, commenced in one day against the county commissioners, before justices of the peace, on county orders, was, on motion, dissolved, on the ground that their defence was at law.

The bill in this case was filed May 23, 1839, and stated that November 16th, 1838, the board of supervisors of the county of Lapeer, assuming to act in the performance of the duties imposed on the county commissioners by the revised statutes, after the county commissioners had been declared duly elected, but before they had qualified, proceeded to enter into a contract with one Norman Davison, by which the supervisors pretended to bind the county to pay Davison twelve hundred dollars to complete a court house (the frame of which was up,) for the county, and directed the issuing of county orders on the treasurer of the county for six hundred dollars, which were issued and delivered to Davison as a part payment; that the orders were issued in small sums, from one dollar to one hundred dollars each, which orders were required to be paid by the county treasurer out of any moneys in the county treasury, not otherwise appropriated; were made receivable in payment of county taxes, and payable January 1, 1839, to Norman Davison or bearer. That, at their first meeting after being duly qualified, viz: the first Monday of January, 1839, the county commissioners, deeming the proceeding of the board of supervisors illegal and unauthorized by law, passed a resolution to that effect, and immediately gave notice to the collectors of the several towns in said county, and to the treasurer thereof, not to receive the said orders in payment of taxes. That, when the orders became due and payable, payment was demanded of the treasurer by the several holders, which pay-

November 30.

First Circuit.
Lapeer
county
*vs.*
Hart.

ment was refused, as well for the reason that the county commissioners had forbidden their payment, as for the reason that there was no moneys in the treasury not otherwise appropriated. That the holders of the orders commenced a series of vexatious suits against the county commissioners on the orders, before justices of the peace; that sixty-seven suits were brought in one day, process in each, returnable on the same day, before three different justices, keeping their offices and doing business at distances of from five to twelve miles from each other, for the purpose of subjecting the county commissioners to great inconvenience, and deprive them of making their defence. That judgments had been rendered against the commissioners in forty-four of the suits so commenced, and the other twenty-three were still pending and undecided. The bill further stated, that the whole amount of judgments recovered, amounted to about five hundred dollars, and that the holders unnecessarily and vexatiously multiplied suits; that appeals had been taken in five of the cases, for the purpose of testing the legality of the proceedings of the board of supervisors, and the principle involved in all the suits was the same; that the commissioners were unable to take appeals in all the cases, in consequence of there being no funds in the treasury to pay the costs; that the costs which were required to be paid, to enable them to take appeals from the several judgments, would fall but little short of the whole amount of the judgments. The bill charged, that the holders of the orders conspired to commit a fraud, and extort money from the county, &c., and prayed for an injunction to stay proceedings at law upon the suits already commenced, and to restrain the holders of the orders from commencing other suits at law, until the suits appealed should be determined. An injunction was granted according to the prayer, and this was a motion to dissolve the injunction for want of equity in the bill.

D. Goodwin, in support of the motion.

1. The court has no jurisdiction. This is wholly at law, and the courts of law can try the whole matter.

2. The complainants themselves show that in forty-four cases tried, judgment was for the plaintiffs, and not against them. The cases where courts of equity interfere, are usually those where, in trials at law, the complainant has sustained a title, or right, and there are subsequent repeated actions to question that title or right.

3. Here *the right claimed, is on the part of the several defendants in the bill,* who held the orders, and is resisted by the complainants. The complainants are not seeking to enforce a right which is invaded, but to resist a right claimed, and by their own showing, established by forty-four judgments.

4. It does not appear from the bill, that the defences in the several cases, were one and the same. They might have been different in each case. The bill does not show, or alledge, what the pleas were in any of the cases; in some, it seems, the pleas were to the jurisdiction of the court.

5. When chancery interferes to prevent a multiplicity of suits, it is in cases where *the subject of the suits is the same,* and not different. Here the suits, according to the bill, are upon separate orders, and these not in the hands of the original holders, but transferred and held by different individuals, and where the holders may hold for a valuable consideration, and without notice. 1 *Maddox, 166;* 2 *Johns. Ch. Rep.,* 281; 3 *Johns. Rep.,* 601.

6. In forty-four cases there were judgments rendered, and in five of these only, there were appeals. In the rest, the judgments are absolute, and this court can never restrain their collection; the defence, if any, now being purely at law, and the judgments having become absolute. In the five, the judgments are suspended by the appeals, and it does not appear that the questions therein are the same; and in the remainder, the pleas are to the jurisdiction, and this court are not apprised what are the questions that are to be tried, and cannot, therefore, interfere.

7. The cases where the court interferes, are when *it can*

order a single issue to be tried, and that that shall decide the whole. In this case, from various causes, it is impossible; and when an injunction can thereupon be granted and made perpetual upon the parties, the single right being decided. Here this is also impossible.

A. S. PORTER and A. D. FRASER, contra.

THE CHANCELLOR.—I am satisfied this case does not come within the principles of any of the cases cited in support of the injunction.

Bills of peace are only allowed where the complainant has satisfactorily established his right at law; or where the persons who controvert the right are so numerous as to render an issue under the direction of this court indispensable, to embrace all the parties concerned, and save a multiplicity of suits. *Fonb. Eq.*, 28; *Eldridge* vs. *Hill*, 2 *Johns.*, *Ch.* 281.

It is not pretended in this case, that the right in litigation has been established in favor of the complainants, on the contrary, all the cases which have been tried, have been determined in favor of the defendants in this cause.

It is not indispensable that this court should interfere in the present case, (on account of the great number of persons who controvert the right,) and direct an issue under the control of this court. The parties who have brought suits on the orders, are all regularly in the courts of law, and each claims, in his own right; nor is it pretended that the defence cannot properly be made at law. The complainants do not even ask this court to interfere and direct an issue, but concede that their defence is at law.

It is urged that more suits are brought than were necessary to determine the right to recover. In the case of *Peters* vs. *Prevost, Paine's U. S. Circuit Court Rep.*, 64, an application was made for an injunction to stay proceedings in ninety-two suits in ejectment, (where the parties pleading title, and the testimony were the same in each suit,) until one or more could be tried, and the remainder to abide the event, and the injunction was refused. If the suits in the present case were wrongly

brought, the defendants below will recover their costs on appeal; and while the statute does not inhibit the bringing of suits in the manner in which these suits were brought, and gives the right of appeal, it would be stepping beyond all precedent for this court to stay proceedings by injunction, on the ground of multiplicity of suits.

The fact that there were not sufficient funds in the treasury to pay the costs of appeal, can hardly be seriously urged as a reason for the interference of this court.

That the holders of these orders are unnecessarily harrassing the complainants, does not sufficiently appear; the suits were all brought on the same day, before three different justices, and the complainants appeared and defended. If suits had been brought singly, from day to day, this allegation might have been urged with more force.

I had doubts of the propriety of granting the injunction in this case, and in any view I can take of the question, I am now satisfied that it cannot be sustained.

The parties were all properly in the courts below, and are now there, and it cannot be indispensable for this court to interfere, to bring all the parties into one suit. Indeed, the rights of each, for aught that appears, stands on grounds different from the other.

If the defendants did not take appeals, for want of funds, it is one of those misfortunes against which this court cannot relieve.

It is admitted that the defence is at law, and the parties must there make it.

Injunction dissolved.